An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

PERCY LAVAE BACON,
Appellant,
vs.
THE STATE OF NEVADA BOARD OF
PAROLE COMMISSIONERS,
Respondent.

No. 61178

FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

In his petition filed on October 13, 2011, and the subsequent amended petitions, appellant raised a number of claims relating to parole: (1) the Nevada Board of Parole Commissioners failed to enact standards for determining when to release a prisoner on "institutional" parole and thus he should have received parole when he served his minimum sentences; (2) his Equal Protection rights were violated because decisions to grant parole were based on race; and (3) he was entitled to present and object to evidence, cross-examine witnesses, a written decision, and a right to appeal as parole hearings are quasi-judicial.

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04613

Appellant's claims were not cognizable in a petition for a writ of habeas corpus because appellant was lawfully confined pursuant to a valid judgment of conviction, and appellant's claims relating to parole do not demonstrate unlawful confinement. See NRS 34.360. Moreover, appellant's claims lacked merit. The standards regarding the decision to grant or deny parole apply equally to prisoners seeking an "institutional" parole or a parole to the streets. NRS 213.10885; NRS 213.1099. Appellant provided no factual support for his argument that decisions to grant or deny parole were race-based. NRS 213.131 sets forth the procedure for a parole hearing, including the right to reasonable notice, an opportunity to be present, a representative at the prisoner's expense, an opportunity to speak on his own behalf, and written notice of the decision. NRS 213.131(9), (10). Nevertheless, parole is an act of grace of the State and there is no cause of action when parole has been denied. See NRS 213.10705; Niergarth v. Warden, 105 Nev. 26, 28, 768 P.2d 882, 883 (1989). Appellant failed to demonstrate that this process was not followed, and thus, we conclude that the district court did not err in denying these claims.

Next, appellant appeared to challenge the validity of his judgment of conviction. A post-conviction petition for a writ of habeas corpus is the only means to collaterally challenge the validity of a judgment of conviction and sentence. NRS 34.724(2)(b). Thus, appellant's claims were improperly sought in the petition for a writ of habeas corpus filed pursuant to NRS 34.360.

Finally, appellant appeared to claim that he was entitled to additional work credits. A challenge to the computation of time served must be raised in a post-conviction petition for a writ of habeas corpus.

Supreme Court
OF
Nevada

(O) 1947A

NRS 34.724(2)(c). Thus, appellant's claims were improperly sought in the petition for a writ of habeas corpus filed pursuant to NRS 34.360. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Nancy L. Allf, District Judge
     Percy Lavae Bacon
     Attorney General/Transportation Division/Las Vegas
     Attorney General/Carson City
     Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance. We further deny appellant's motion to consolidate appeals.